IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| BRIAN TYRONE SCOTT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-395-SLP |
| | ) | |
| BETSY HORMEL, | ) | |
| KELLI CURRY, | ) | |
| JASON BRYANT, and | ) | |
| JOE ALLBAUGH, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

On September 13, 2018, United States Magistrate Judge Gary M. Purcell issued a Second Supplemental Report and Recommendation [Doc. No. 34] in this action brought pursuant to 28 U.S.C. § 1983. Judge Purcell recommended that Defendants' Motion to Dismiss [Doc. No. 26] be granted in part and denied in part. Specifically, Judge Purcell recommended that all claims brought by Plaintiff against Defendants be dismissed *except* for Plaintiff's Eighth Amendment claim seeking (i) monetary damages from Defendants Betsy Hormel and Kelli Curry in their individual capacities and (ii) prospective injunctive relief from the same defendants. *See* R&R 18, Doc. No. 34. Plaintiff filed his Objection [Doc. No. 35] to the Report and Recommendation. Defendants likewise filed their Objection [Doc. No. 37] to the Report and Recommendation.

Plaintiff's and Defendants' Objections both generally re-urge the arguments they previously made and which Judge Purcell considered and rejected in issuing the Report and Recommendation. The Court concurs fully with Judge Purcell's resolution of the

parties' arguments. As to Defendants' objections to Judge Purcell's R&R, the Court agrees with the R&R's determination regarding what facts have been established and which have not at this point. While some of the arguments asserted by Defendants Betsy Hormel and Kelli Curry might ultimately prevail with additional evidence and support (e.g., via summary judgment motion), the Court concludes that Judge Purcell's treatment of these arguments is proper based on the stage at which this case is located currently and the relevant standard of decision for a motion to dismiss. *See Thomas v. Kaven*, 765 F.3d 1183, 1188 (10th Cir. 2014). For the same reason, Defendants' reliance on *Sloan v. McCoy* is misplaced. *See* No. CIV-10-387-D, 2010 WL 4876026 (W.D. Okla. Nov. 23, 2010). There, Judge DeGiusti adopted the report and recommendation of Magistrate Judge Couch which addressed an Eighth Amendment claim similar to that asserted by Plaintiff—*at the summary judgment stage*. *See id.* at *1 (*adopting report & recommendation*, 2010 WL 4923925 (W.D. Okla. Oct. 27, 2010)). The summary judgment record in *Sloan* appears to have been substantially more developed than the motion-to-dismiss record of this case. Defendants rely on factual assertions which have not been established by the record before the Court and cannot be assumed by the Court in evaluating a Rule 12(b)(6) motion.

Therefore, upon *de novo* review[1] of Defendants' Motion to Dismiss [Doc. No. 26], Plaintiff's Response [Doc. No. 28], Defendants' Reply [Doc. No. 33], Judge Purcell's Report and Recommendation [Doc. No. 34], Plaintiff's Objection [Doc. No. 35], and Defendants' Objection [Doc. No. 37], the Court:

---

[1] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. . . .").

(1) ADOPTS the Report and Recommendation [Doc. No. 34] issued by Judge Purcell;

(2) DENIES Plaintiff's Objection [Doc. No. 35] to Judge Purcell's Report and Recommendation for the reasons stated in Judge Purcell's Report and Recommendation [Doc. No. 34];[2]

(3) DENIES Defendants' Objection [Doc. No. 37] to Judge Purcell's Report and Recommendation for the reasons stated in Judge Purcell's Report and Recommendation [Doc. No. 34];

(4) GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss [Doc. No. 26];

(5) DISMISSES Plaintiff's claims against Defendants Jason Bryant and Joe Allbaugh in their official capacities without prejudice;

(6) DISMISSES Plaintiff's claims against Defendants Jason Bryant and Joe Allbaugh in their individual capacities without prejudice; and

(7) DISMISSES Plaintiff's claims seeking monetary damages from Defendants Betsy Hormel and Kelli Curry in their official capacities without prejudice.

---

[2] To the extent Plaintiff includes new factual allegations in his Objection, the new allegations are not determinative of whether Plaintiff adequately stated claims in his Complaint. *See Chambliss v. Bank of Am., N.A.*, No. 3:12-955, 2014 WL 1287467, at *1 (M.D. Tenn. Mar. 31, 2014) ("Plaintiffs may not amend their Complaint by adding factual allegations as a part of objections to an R & R, or in opposition to a motion to dismiss." (collecting cases)). Plaintiff has not requested leave to file an amended complaint.

IT IS SO ORDERED this 20th day of August, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

4