## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BRIAN TYRONE SCOTT,                  )
                                     )
      Plaintiff,                )
                                     )
v.                                   )        Case No. CIV-18-395-SLP
                                     )
BETSY HORMEL et al.,                 )
                                     )
      Defendants.               )

## O R D E R

Before the Court is Defendants' Motion for Summary Judgment [Doc. No. 47]. It is at issue. *See* Resp., Doc. No. 49; Reply, Doc. No. 50; Surresponse, Doc. No. 52. On January 23, 2020, United States Magistrate Judge Gary M. Purcell issued a Third Supplemental Report and Recommendation [Doc. No. 56] in which he recommended that Defendants' summary judgment motion be granted because "Defendants were justified in relying on [Oklahoma Department of Corrections] policy . . . . [which] does not categorize a kosher diet as one which may be prescribed for medical reasons. . . . when they refused to provide Plaintiff with a kosher diet during the twelve-day period during which the unauthorized order [for a kosher diet] was in effect," resulting in defeat of Plaintiff's Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983. R. & R. 13, Doc. No. 56. Plaintiff then filed his Objection [Doc. No. 57] to the R. & R., which is now likewise before the Court for its consideration. As part of his Objection, Plaintiff filed a Motion for an Order Compelling Disclosure or Discovery [Doc. No. 57-5] which the Court treats as a

separate motion made by Plaintiff despite the manner of submission being in violation of Local Civil Rule 7.1(c).

The Court reviews de novo those portions of the R. & R. to which Plaintiff made specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having done so, the Court finds that Judge Purcell's R. & R. should be adopted in full. Plaintiff's objections fall in two categories. First, Plaintiff asserts doubts about the authenticity of the exhibit submitted by Defendants as Document No. 47-1. But Defendants cured any authenticity issues in their reply brief. *See* Callender Aff., Doc. No. 50-1. Second, Plaintiff asserts that the court "must accept the Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to [him]." Obj. 3, Doc. No. 57. Plaintiff would be correct if this case was still at the motion-to-dismiss stage. But that is not the standard of review for the Court at the current stage of proceedings: a motion for summary judgment. *See* R. & R. 2-3, Doc. No. 56 (laying out the correct standard of review for a summary judgment motion); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1321 (10th Cir. 2010) (discussing the differences between motions to dismiss and motions for summary judgment). Accordingly, none of Plaintiff's objections provide the Court with a reason to act differently than as recommended in the R. & R. [Doc. No. 56].

Next, the Court construes Plaintiff's Motion for an Order Compelling Disclosure or Discovery [Doc. No. 57-5] as a motion made pursuant to Federal Rule of Civil Procedure 56(d). But his request is not timely. *See Nieves-Romero v. United States*, 715 F.3d 375, 381 (1st Cir. 2013) ("A party cannot have two bites at the cherry; he ordinarily cannot

oppose a summary judgment motion on the merits and, after his opposition is rejected, try to save the day by belatedly invoking Rule 56(d).").  Likewise (as discussed *supra*), a portion of Plaintiff's Objection [Doc. No. 57] to the R. & R. is functionally a Rule 56(d) request that is not timely either.  *See id.*  Finally, to the extent Plaintiff intended to include a Rule 56(d) request in his response to Defendants' summary judgment motion (see Resp. 5-6, Doc. No. 49 (citing portions of the state-law analogue to Rule 56, but not citing the state-law analogue to Rule 56(d)—i.e., Okla. Stat. tit. 12, § 2056(F))), he only relevantly indicated that he believed additional discovery time was needed regarding the authenticity of the exhibit submitted as Document No. 47-1.[1]  As indicated *supra*, Defendants have cured any authenticity issues regarding that exhibit.

Moreover, as to all of these submissions, Plaintiff has not met the requirements of Rule 56(d) even if the later-filed ones were timely.

> To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment.

*Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017); *see also Abdulhaseeb*, 600 F.3d at 1310 (discussing the predecessor to Rule 56(d)—then-Rule 56(f)—and indicating that pro se plaintiffs are bound by the same Rule 56(d) requirements as represented parties). Here, Plaintiff has not indicated "how additional time would allow for rebuttal of

---

[1] Because the Court is not granting Defendants' summary judgment motion on the basis of their exhaustion, personal participation, or qualified immunity arguments, the Court need not consider whether Plaintiff made viable Rule 56(d) requests in his summary judgment response brief (or elsewhere) on these topics. *See* R. & R. 5-12 & n.5, Doc. No. 56.

[Defendants'] argument for summary judgment" even if the documents and information requested in Document Nos. 57-1 and 57-2 were produced by Defendants. *Id.*

Finally, the Court addresses Plaintiff's request for leave to amend. *See* Obj. 4, Doc. No. 57. Plaintiff has not complied with Local Civil Rules 7.1(c) or 15.1, which alone is reason for the Court to deny leave to amend. *See Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018). Notwithstanding, the Court finds that granting leave to amend for Plaintiff's § 1983 claim—which is limited to one made under the Eighth Amendment— would be futile. Plaintiff suggests no basis by which he could assert a viable Eighth Amendment claim in the circumstances of this case. Accordingly, the Court finds that leave to amend is properly denied. This determination might not follow from another situation—e.g. if Plaintiff was not allowed any modified diet to combat his medical condition or if a medical professional asserted that the modified diet allowed to Plaintiff (here, the "diet for health") was insufficient to meet his medical needs. But there is no evidence beyond speculation that any of those circumstances are present here, and the Court will not reach an advisory opinion on such non-presented conditions.

IT IS THEREFORE ORDERED that the R. & R. [Doc. No. 56] is ADOPTED and Defendants' Motion for Summary Judgment [Doc. No. 47] is GRANTED. A separate judgment will be entered contemporaneous herewith.

IT IS FURTHER ORDERED that Plaintiff's Motion for an Order Compelling Disclosure or Discovery [Doc. No. 57-5] is DENIED for the reasons stated herein.

IT IS FURTHER ORDERED that Plaintiff's Motion for Inquiry [Doc. No. 58] is DENIED AS MOOT, as Plaintiff was previously provided a file-stamped copy of this

Motion which was included with his copy of the Objection to the Report and Recommendation [Doc. No. 57].

IT IS SO ORDERED this 5th day of May, 2020.